UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**RUSTY TOUCHET ET AL**                     **CASE NO. 2:21-CV-00094**

**VERSUS**                                  **JUDGE JAMES D. CAIN, JR.**

**UNITED PROPERTY & CASUALTY**              **MAGISTRATE JUDGE KAY**
**INSURANCE CO**

## MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 22] filed by defendant United Property & Casualty Insurance Company ("UPC") on the subject of the limitation of plaintiffs' recovery under Coverage A of the insurance policy at issue in this matter. Plaintiffs oppose the motion. Doc. 25.

## I.
### BACKGROUND

This suit arises from damage to plaintiffs' home in Iowa, Louisiana, due to Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020, and Hurricane Delta, which struck in the same general area on October 9, 2020. At all relevant times the home was insured under a policy issued by UPC. *See* doc. 22, att. 3. The policy provides the following types of property coverage:

|            | Type              | Limit        |
|------------|-------------------|--------------|
| **Coverage A** | Dwelling          | $254,000.00  |
| **Coverage B** | Other Structures  | $25,400.00   |
| **Coverage C** | Personal Property | $127,000.00  |
| **Coverage E** | Additional Living Expenses | $25,400.00 |

*Id.* at 1. It also provides:

> **D. Loss Settlement**
> In this Condition D., the terms "cost to repair or replace" and "replacement cost" do not include the increased costs incurred to comply with the enforcement of any ordinance or law, except to the extent that coverage for these increased costs is provided in E.11. Ordinance Or Law under Section I – Property Coverages. Covered property losses are settled as follows:
> . . . .
> 2. Buildings covered under Coverage A or B at replacement cost without deduction for depreciation, subject to the following:
> . . . .
> d. We will pay no more than the actual cash value of the damage until actual repair or replacement is complete. Once actual repair or replacement is complete, we will settle the loss as noted in 2.a. and b. above.

*Id.* at 24–25.

Plaintiffs made a claim for their property damage following Hurricane Laura, and UPC first inspected the damage on September 2, 2020. Doc. 22, att. 11. Plaintiffs also reported damage after Hurricane Delta, and UPC inspected the property on October 13, 2020. Doc. 22, att. 12. Plaintiffs allege, however, that UPC failed to timely and adequately compensate them, leading to additional damage. They filed suit against UPC in this court on January 14, 2021, raising claims of breach of insurance contract and bad faith under Louisiana law. Doc. 21.

The case proceeded through the court's streamlined settlement process but did not resolve. It is currently set for trial on April 4, 2022. Plaintiff Rusty Touchet was deposed on January 11, 2022. Doc. 22, att. 6. There he admitted that no repairs had yet been made to the house, though he and Graham had replaced their fence and the roof on their shop. *Id.* at 27–28.

Defendant now brings this Motion for Partial Summary Judgment, seeking a ruling that plaintiffs' recovery under Coverage A is limited to actual cash value because they have

not yet made repairs to or replaced the dwelling. Doc. 22, att. 2. They also argue that, to the extent plaintiffs' dwelling is deemed a total loss, plaintiffs' recovery is bound by the policy limit of $254,000, even though plaintiffs have claimed damages from two different storms. *Id.* Plaintiffs oppose the motion, arguing that they may recover in excess of the actual cash value without completing repairs if they show at trial that UPC's failure to timely pay on the claim prevented plaintiffs from making repairs and that a separate policy limit applies to each storm. Doc. 25.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). Ambiguities in the policy must be construed against the insurer and in favor of coverage. *Id.* The court resolves an ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.*

The plain language of the policy provides that repair or replacement cost is not due until repair or replacement is complete. This motion is made in anticipation of a jury verdict, however, and plaintiffs allege that they were prevented from even beginning repair or replacement work by the low amount the insured has paid to date. The court will not allow UPC to prevent the jury from even considering its liability for repair or replacement costs merely because plaintiffs have not been able to reach that stage. Accordingly, the motion will be denied in this regard.

As for the resetting of policy limits, United argues that in the event the house is deemed a total loss, plaintiffs are only entitled to a single replacement cost limit of $254,000. Plaintiffs maintain that the jury can determine what damage was attributable to which hurricane, and that "the policy limit for each hurricane is potentially recoverable since the policy limits apply separately to each hurricane." Doc. 25, att. 4. As it relates to Coverage A, the court disagrees. "Louisiana law does not allow for double recovery of the same element of damages," which is in the nature of a punitive or exemplary award. *Albert v. Farm Bureau Ins. Co.*, 940 So.2d 620, 622 (La. 2006). The policy covers only one dwelling and the limits under Coverage A represent the replacement cost for that dwelling, as agreed to by plaintiffs when they purchased the policy. The court allows that recovery under separate policy limits would be justified in the event that plaintiffs had begun repairs following one occurrence and then suffered additional damage in the second. Here, however, plaintiffs have admitted that they made no repairs to the dwelling. Accordingly, holding UPC liable for two policy limits covering the same dwelling would amount to

exemplary damages. Plaintiffs already have such a remedy available under Louisiana Revised Statutes §§ 22:1892 and 22:1973, and the motion must be granted in this regard.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 22] will be **GRANTED IN PART** and **DENIED IN PART**, limiting plaintiffs' recovery to $254,00.00 under Coverage A but without imposing a limitation for Actual Cash Value.

**THUS DONE AND SIGNED** in Chambers on this 9th day of March, 2022.

JAMES D. CAIN, JR.
**UPC STATES DISTRICT JUDGE**