UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**RUSTY TOUCHET ET AL**   CASE NO. 2:21-CV-00094

**VERSUS**   JUDGE JAMES D. CAIN, JR.

**UNITED PROPERTY & CASUALTY INSURANCE CO**   MAGISTRATE JUDGE KAY

### MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 23] filed by defendant United Property & Casualty Insurance Company ("UPC") on the subject of the plaintiffs' right to recover under Coverage C of the subject insurance policy. Plaintiffs oppose the motion. Doc. 26.

### I.
### BACKGROUND

This suit arises from damage to plaintiffs' home in Iowa, Louisiana, due to Hurricane Laura, which made landfall in Southwest Louisiana on August 27, 2020, and Hurricane Delta, which struck in the same general area on October 9, 2020. At all relevant times the home was insured under a policy issued by UPC. *See* doc. 23, att. 3. The policy provides the following types of property coverage:

| | Type | Limit |
|---|---|---|
| **Coverage A** | Dwelling | $254,000.00 |
| **Coverage B** | Other Structures | $25,400.00 |
| **Coverage C** | Personal Property | $127,000.00 |
| **Coverage E** | Additional Living Expenses | $25,400.00 |

*Id.* at 1. It also provides:

> **C. Duties After Loss**
> In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either:
> . . . .
> 6. Prepare an inventory of damaged personal property showing the quantity, description, actual cash value and amount of loss. Attach all bills, receipts and related documents that justify the figures in the inventory[.]

*Id.* at 24.

Plaintiffs made a claim for their property damage following Hurricane Laura, and reported additional damage after Hurricane Delta. After both storms they submitted an itemized contents list showing the purchase price, age, and estimated replacement cost of each item of personal property possibly damaged in the storm. Doc. 23, att. 4. According to this list, the replacement cost for all items, including tax, is over $320,000.00. *Id.* at 1. UPC subsequently hired a company, FRSTeam of the Gulf Coast/LA ("FRSTeam"), to pack out the entire house and place items in storage. *See* doc. 23, att. 8. FRSTeam prepared a report on non-salvageable items on November 15, 2021, determining that only 20 items in the home met this definition. *Id.* Plaintiffs testified that they do not currently have any reason to dispute this list or add items to it, but they raise in their opposition brief that additional items may have been damaged in the moving/storage process. Doc. 23, att. 6, pp. 203–04; doc. 23, att. 7, pp. 5–6.

Plaintiffs subsequently filed suit against UPC in this court, raising claims of breach of insurance contract and bad faith based on allegations that UPC failed to timely and adequately pay under different forms of coverage. Doc. 1. The case proceeded through the court's streamlined settlement process but did not resolve. It is currently set for trial on

April 4, 2022. Defendant now brings this Motion for Partial Summary Judgment, seeking a ruling that plaintiffs have not provided adequate proof of loss under Coverage C because their contents list did not include depreciation and because it included items subsequently determined to be salvageable. Doc. 23. Plaintiffs oppose the motion, arguing that UPC has the information necessary to evaluate their contents claim and has failed to render any payment. Doc. 26.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). Ambiguities in the policy must be construed against the insurer and in favor of coverage. *Id.* The court resolves an ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.*

UPC argues that plaintiffs have not fulfilled their duties after loss and are therefore not entitled to recover on their contents claim. UPC fails to dispute FRSTeam's findings on the salvageability of certain items, however, and has had this information—as well as access to the remainder of the items—for several months now. Additionally, plaintiffs' contents list provides UPC with sufficient information to prepare its own estimate of depreciation and/or replacement cost of any item. UPC's own representative has testified that UPC only expects the insured to provide its best estimate on an item's age and value, based on comparables or replacements. Doc. 26, att. 3. The company does not expect the insured "to apply any depreciation or know how to do that." *Id.* Accordingly, there are issues of fact as to whether plaintiffs have fulfilled their duties after loss with respect to this claim, whether UPC received sufficient proof of loss on any part of the contents claim, and whether it has acted in bad faith by failing to pay thereon.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 23] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 9th day of March, 2022.

                **JAMES D. CAIN, JR.**
          **UPC STATES DISTRICT JUDGE**